UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jacinda Collins,

    Plaintiff,

v.

Newark Orthodontic Center-
Jiafeng GU, DDS, MS, LLC,

    Defendant.

Case No. 2:21-cv-05429

Judge Michael H. Watson

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Both parties agree that this case must be dismissed. The issue lies with whether to dismiss the case *with* or *without* prejudice. Defendant argues for dismissal with prejudice, citing Plaintiff's "dilatory actions" and "failure to communicate with counsel." ECF No. 20. Plaintiff, on the other hand, argues for voluntary dismissal without prejudice because of Plaintiff's medical issue and the lack of prejudice to Defendant. ECF No. 27. For the following reasons, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion.

    **I.**    **FACTS AND PROCEDURAL HISTORY**

Plaintiff, Jacinda Collins, brought this action against her former employer, Defendant, alleging disability discrimination, retaliation, and wrongful discharge. Am. Compl., ECF No. 16.

The Complaint was filed in November 2021, and Defendant Answered in January 2022. Discovery disputes ensued by Spring 2022. Broadly speaking,

Defendant believed Plaintiff's responses to Defendant's Interrogatories and Request for Production of Documents were deficient, and Plaintiff failed to either appear for her noticed deposition or propose an alternative date.

The specifics are demonstrated through the attachments to the parties' motions. Those attachments show that Plaintiff responded in part and objected in part to Defendant's Interrogatories and Request for Production of Documents on April 29, 2022. Mot. Dismiss Ex. A., ECF No. 20-1. About a month later, on May 20, 2022, Defense Counsel sent Plaintiff's Counsel a letter, noting perceived deficiencies with Plaintiff's response. Mot. Dismiss, Ex. B, ECF No. 20-2. It seems Defendant received no response to the deficiency letter, and Defense Counsel followed up with another letter to Plaintiff's Counsel on June 13, 2022. Mot. Dismiss Ex. C, ECF No. 20-3. The next day, Plaintiff's Counsel responded via letter, noting that certain requested discovery would be provided but that Plaintiff maintained her objections to other aspects of the deficiency letter. Mot. Dismiss Ex. C, ECF No. 27-3.

A few months passed, and on August 31, 2022, Defendant noticed Plaintiff's deposition for September 12, 2022. Mot. Dismiss Ex. D, ECF No. 20-4. Five days later, and one week before the deposition, Plaintiff's Counsel notified Defense Counsel of Plaintiff's Counsel's inability to communicate with Plaintiff, as well as Counsel's belief that the lack of communication could be related to a medical issue. Mot. Dismiss Ex. E, ECF No. 20-5. In the same letter, Plaintiff's Counsel requested Defendant's position regarding an extension of the discovery

deadline. *Id.* Over the next two days, Plaintiff's Counsel exchanged emails in which Defense Counsel suggested having a conference with the Court, and Plaintiff's Counsel notified Defense counsel of Plaintiff's inability to attend the September 12, 2022 deposition. *Id.* The parties thus requested a conference with the Court.

On September 15, 2022, Magistrate Judge Vascura granted Plaintiff's oral motion for an extension of time to complete discovery and ordered discovery to be completed by October 30, 2022. But Defendant states that Magistrate Judge Vascura also instructed Defendant to move to dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b) or to compel discovery under Federal Rule of Civil Procedure 37(a). Defendant did so the next day. Mot. Dismiss, ECF No. 20.

Plaintiff filed a combined response to Defendant's motion and affirmative motion to voluntarily dismiss the suit *without* prejudice under Federal Rule of Civil Procedure 41(a)(2). Mot. Dismiss, ECF No. 27. The motion states that Plaintiff's failure to prosecute stemmed from a medical issue. *Id.* Plaintiff also argues that Plaintiff actively engaged in litigation from the filing of the suit through April 2022. *Id.* Around this time, the motion states, Plaintiff stopped communicating with her Counsel. *Id.* Plaintiff's Counsel later determined the inability to communicate was caused by a medical issue that prevented Plaintiff's appearance at the noticed deposition and prevented her continued participation in the suit. *Id.*

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41 provides mechanisms for both voluntary and involuntary dismissal of a case.

Rule 41(a) governs voluntary dismissals, and subsection (a)(2) governs voluntary dismissals that require a court order. Whether a dismissal without prejudice under Rule 41(a)(2) should be granted "is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). The focus is on whether "the defendant would suffer 'plain legal prejudice' because of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). "In determining whether a defendant will suffer plain legal prejudice" from a Rule 41(a)(2) dismissal without prejudice, district courts consider the following four factors:

> (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by the defendant.

*Id.* (citation omitted).

Federal Rule of Civil Procedure 41(b) governs involuntary dismissals. It states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A dismissal under Rule 41(b) can be with or without prejudice but is presumed to be with prejudice unless explicitly stated otherwise. *Id.*

As with Rule 41(a)(2), district courts have "substantial discretion" when making Rule 41(b) determinations. *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)). In deciding whether to dismiss a case with prejudice under Rule 41(b) for failure to prosecute, the United States Court of Appeals for the Sixth Circuit has directed the district courts to consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). "[N]one of the factors is outcome dispositive." *Id.* Additionally, because dismissal with prejudice is "a harsh sanction," the Sixth Circuit cautions district courts to so dismiss "only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* at 736 (internal quotation marks and citation omitted).

### III. ANALYSIS

Defendant fails to show that dismissal should be with prejudice under Rule 41(b). Indeed, Defendant never mentions nor addresses the pertinent with-prejudice factors in either its motion to dismiss or its response to Plaintiff's motion. *See* Mot., ECF No. 20; Resp., ECF No. 28. Instead, in support of its motion, Defendant cites to only one case, *Refior v. Lansing Drop Forge Co.*, a

case with facts distinguishable from this one and an analysis that lacks the four-factor test. 124 F.2d 440, 444 (6th Cir. 1942) (finding dismissal for failure to prosecute since the case has been pending for more than six years with opposing counsel that "had done their utmost to obtain a trial without success").

None of the pertinent factors weigh in favor of dismissal with prejudice for failure to prosecute.

First, to constitute willfulness, bad faith, or fault, a plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [Plaintiff's] conduct on those proceedings." *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)) (additional citations omitted). The facts of this case are unlike those in which the Sixth Circuit has found willfulness, bad faith, or fault. *See e.g.*, *id.* ("Although [plaintiff's] conduct did not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse."); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (finding bad faith where the plaintiff failed to respond to the defendant's motions and to comply with the district court's order a year past the deadline). Unlike the plaintiffs in *Schafer* and *Harmon*, Plaintiff's counsel here timely responded to opposing counsel's motions, as well as any orders by the Court. *See* Resp., ECF No. 14; Mot., ECF No. 27; Reply, ECF No. 29. Although Defendant noted perceived deficiencies in Plaintiff's discovery responses, Plaintiff's Counsel responded to Defense Counsel's letter regarding

the same. Additionally, when Plaintiff stopped communicating about the case, Plaintiff's Counsel notified opposing Counsel and the Court. He conveyed that Plaintiff's failure to appear for her deposition might be related to a serious health concern, and he agreed that a conference call with the Court would assist with the matter. Mot., ECF No. 20; Mot., ECF No. 27. None of these actions demonstrate willfulness, bad faith, or fault. The factor thus weighs against dismissal with prejudice.

Second, Plaintiff's lack of cooperation did not cause undue prejudice to Defendant. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendant[] 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 739 (quoting *Harmon*, 110 F.3d at 368). Defendant was indeed prejudiced in that it was required to draft a deficiency letter, a follow up letter, notice Plaintiff's deposition, and email with Plaintiff's Counsel regarding whether Plaintiff would attend the deposition. But a defendant is always prejudiced to some extent by the dismissal of a case, and if *any* prejudice sufficed to dismiss with prejudice, Rule 41(b) dismissals would not be reserved for extreme situations. The time, money, and effort Defendant spent on these issues is comparatively minimal and does not rise to the level of prejudice that warrants dismissing Plaintiff's case with prejudice. Indeed, by Defendant's own account, Defense Counsel was aware five days after it noticed Plaintiff's deposition that Plaintiff's Counsel was unable to reach Plaintiff and that Plaintiff may be suffering

from medical issues. Mot., ECF No. 20. Furthermore, regarding the outstanding discovery requests, there seems to have been a good-faith dispute among the parties between the relevance or existence of the demanded materials. *See id.*; Mot., ECF No. 27. Such disputes are typical in litigation and do not automatically trigger prejudice against Defendant or waste resources. *See Schafer*, 529 F.3d at 739.

In short, this case is still in its infancy; although Defendant has spent time and money thus far, there is no *undue* prejudice against Defendant, especially given that the already conducted discovery will be useful in any re-filed case. *Cf. Wills v. Honda of Am. Mfg., Inc.*, 2:11-cv-717, 2012 WL 12035567, at *2 (S.D. Ohio Apr. 10, 2012) (finding no plain legal prejudice or undue prejudice when the defendant filed two motions to dismiss, began written discovery, and the case had been pending for months). This conclusion is especially true given the limitations the Court will impose on any re-filing. The second factor also thus weighs against dismissal with prejudice.

Third, there is nothing on the docket that suggests the Court ever warned Plaintiff that her suit could be dismissed with prejudice for failure to prosecute. Defendant's motion to dismiss marks the first notice to Plaintiff of the possibility that this case could be dismissed with prejudice. This factor weighs against dismissal with prejudice and is a "key consideration" in the analysis. *Schafer*, 529 F.3d at 740 (internal quotation marks and citation omitted).

Finally, the Court has yet to exhaust sanctions less drastic than dismissal with prejudice; thus, the fourth factor also weighs against such dismissal.

Because none of the factors weigh in favor of dismissal with prejudice, Defendant's Rule 41(b) motion is **DENIED**.

It is appropriate to grant Plaintiff's motion to voluntarily dismiss without prejudice under Rule 41(a)(2). First, for the same reasons Defendant failed to show "undue prejudice," the Court concludes Defendant fails to demonstrate "plain legal prejudice" for purposes of a Rule 41(a) motion. Defendant has participated in some discovery, but it simply has not put in the effort and expense necessary to create plain legal prejudice. Second, there is no excessive delay or lack of diligence by Plaintiff. Plaintiff actively participated in litigation until her health condition prevented it; that is not a lack of diligence. Similarly, the Court has received *in camera* information concerning Plaintiff's health condition and finds it a sufficient explanation for her failure to appear for her deposition and for dismissal. The valid discovery disputes are a sufficient explanation for any "deficiency" in her discovery responses. Finally, Defendant has not moved for summary judgment.

Thus, all four factors weigh in favor of a voluntary dismissal without prejudice under Rule 41(a)(2), and Plaintiff's motion is **GRANTED**.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** under Rule 41(a)(2). To minimize prejudice to Defendant, the Court further **ORDERS** that, if

Plaintiff re-files this case, she must identify the newly filed case as related to this one, and that case will result in the parties being placed in the same position they are now vis-à-vis case scheduling.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**